UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **5:26-cv-04941-CV-SK** | Date | September 1, 2026 |
| Title | ***Nitesh Nitesh v. Warden, et al.*** | | |

Present: The Honorable Cynthia Valenzuela, United States District Judge

| | |
|---|---|
| Jessica Cortes | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER RE: MOTION FOR TEMPORARY RESTRAINING ORDER [2]**

Petitioner Nitesh Nitesh brings this action for a writ of habeas corpus. Doc. # 1 ("Pet."). Petitioner filed a Motion for Temporary Restraining Order. Doc. # 2 ("Mot.").

Section 2 of Central District of California General Order No. 26-05 (the "General Order")[1] sets a briefing schedule for petitions for writs of habeas corpus seeking immigration-related relief. That schedule aims to provide expedited review of immigration-related habeas petitions and requires respondents to respond within seven days. General Order at 3. The General Order provides that if "any party seeks to accelerate or extend the briefing schedule, the parties *shall* promptly meet and confer. *Id.* (emphasis added). To the extent Petitioner seeks an expedited briefing schedule, he fails to certify any requisite efforts to meet and confer with Respondents, or explain why Petitioner cannot meet and confer as provided in the General Order.

[1] The General Order is available at Docket Number 5 and can be accessed online at https://www.cacd.uscourts.gov/sites/default/files/general-orders/GO%2026-05.pdf.

Section 3 of the General Order states "[a]pplications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard briefing schedule or by expediting the briefing schedule." *Id.* Here, Petitioner generally alleges imminent, irreparable harm; however, Petitioner fails to specifically address why such harm cannot be addressed by the expedited briefing schedule set forth in the General Order. Mot. at 4. Accordingly, the Court **DENIES** the Motion **WITHOUT PREJUDICE**. Should Petitioner seek to renew the Motion, he must allege why the expedited briefing schedule in the General Order is insufficient. Should Petitioner seek an expedited briefing schedule for his Petition, he must meet and confer with Respondents or explain why such a conference cannot be held.

**IT IS SO ORDERED.**